UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GIBSON GUITAR CORP., and
BALDWIN PIANO, INC.,

    Plaintiff

vs.   Case No.: 6:05-cv-990-Orl-28-KRS

PIANO EXPO, INC.,d/b/a
"STEINWAY PIANO GALLERIES"
and "STEINWAY & SONS,"

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

This matter is before the Court on Plaintiffs' Motion For Preliminary Injunction ("the Motion") (Doc. 2). The Court has reviewed the Motion and Plaintiffs' Verified Complaint (Doc. 1), and all materials filed therewith, as well as Defendant's Memorandum of Law in Opposition to the Motion (Doc. 7), and the Affidavits of Gary Grimes, Ken Ambrose, and Andy Ballard, and all materials filed therewith (Doc. 8). The Court heard argument of counsel at a hearing on July 13, 2005. Having considered the record and argument of counsel, the Court makes the following ruling.

### Background

Plaintiff Gibson Guitar Corp. is a Delaware corporation with its principal place of business in Nashville, Tennessee. Plaintiff Baldwin Piano, Inc. ("Baldwin") is a Delaware corporation and wholly-owned subsidiary of Gibson Guitar Corp. with its principal place of business in Nashville, Tennessee. Plaintiffs are engaged in designing, manufacturing, and selling pianos.

Defendant is a piano retailer. Defendant has created and published or caused to be published an advertisement captioned "BALDWIN BANKRUPTCY

SALE" which was published in the *Orlando Sentinel* on one or more days as late as June 27, 2005 (the "Advertisement"). A copy of this Advertisement is attached to the Plaintiffs' Verified Complaint as Exhibit "A."

On July 1, 2005, Plaintiffs initiated the instant lawsuit by filing a Verified Complaint (Doc. 1) as well as an "Emergency" Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. 2). The Court denied Plaintiffs' request for a Temporary Restraining Order and set Plaintiffs' Motion for Preliminary Injunction for a hearing. (See Doc. 3). This hearing was held on July 13, 2005.

## Discussion

Plaintiffs' Verified Complaint (Doc. 1) alleges several claims under the Lanham Act and Florida law.[1] In their motion for preliminary injunction (Doc. 2), Plaintiffs contend, inter alia, that the Advertisement misleads the public into believing that the Plaintiffs are involved in a bankruptcy proceeding and the sale is part of an approved liquidation sale.[2] On this point, the Court agrees, and to this limited extent the motion for preliminary injunction shall be granted.

"A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party;

---

[1] The Verified Complaint sets forth the following counts: (1) false designation of origin/trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a); (2) unfair competition/trade disparagement under the Lanham Act, 15 U.S.C. § 1125(a); (3) trademark infringement under Fla. Stat. §§ 495.11, et seq.; (4) state common law unfair competition; (5) violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, et seq.; and (6) misleading advertisement in violation of Fla. Stat. §§ 817.40 et seq.

[2] Plaintiffs also contend that the Advertisement improperly uses the Baldwin trademark and that it misleadingly refers to a factory warranty on the pianos. However, there are numerous factual disputes on those issues, and thus the Court does not grant the preliminary injunction as to those aspects of the Advertisement.

2

and (4) if issued, the injunction would not be adverse to the public interest." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc). "'A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly carries its burden of persuasion as to the four requisites." All Care Nursing Servs., Inc. v. Bethesda Mem'l Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989) (quoting United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983)) (internal marks omitted). Plaintiffs have met their burden in this case.

First, Plaintiffs have established a likelihood of success on the merits of their claims of misleading advertising insofar as they allege that the Advertisement gives the impression that Plaintiff Baldwin is in bankruptcy. The Advertisement states in large type, in all capital letters, at the top of the Advertisement, "BALDWIN BANKRUPTCY SALE." Defendant does not dispute that Plaintiffs, the manufacturers of Baldwin brand pianos, are not currently in bankruptcy. The Court can plainly observe that the Advertisement in question therefore creates an impression that is misleading to consumers. This establishes the first prerequisite.

Second, Plaintiffs have shown that they will be irreparably injured if Defendant is not enjoined from running the Advertisement. Cf. United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1183 (8th Cir. 1998) ("[T]he finding of a tendency to deceive satisfies the requisite showing of irreparable harm."). Thus, the second prerequisite has been met.

Third, the threatened damage to Plaintiffs in the absence of an injunction clearly outweighs any potential harm Defendant might suffer if an injunction is granted. Defendant has already caused the publication of an Advertisement likely to mislead the public and to damage Plaintiffs' reputation for several days while its Advertisement ran in the *Orlando Sentinel*. Further, Defendant has indicated that it has no intention of continuing to publish the Advertisement. Plaintiffs are asking only to enjoin Defendant from further publication or dissemination of the misleading

Advertisement; Plaintiffs are not asking for seizure of any product. Accordingly, the third prerequisite for preliminary injunctive relief has been met.

Finally, the public interest weighs in favor of the granting of an injunction that will ensure that the public is not deceived. Cf. Perfumania, Inc. v. Perfulandia, Inc., 279 F. Supp. 2d 86, 105 (D.P.R. 2003) ("'Customer confusion is by its very nature against the public interest.'") (quoting Jordan K. Rand, Ltd. v. Lazoff Bros., Inc., 537 F. Supp. 587, 598 (D.P.R. 1982)). Thus, the fourth and final prerequisite has been satisfied.

The parties have agreed that no bond is required. Because Defendant has indicated that it does not intend to publish the Advertisement again, the Court finds that no bond is necessary or required.

## Conclusion

Accordingly, it is **ORDERED** as follows:

1. Defendant, and its officers, agents, servants, employees and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are **hereby enjoined** from publishing or disseminating any advertisement, or making or publishing any statements, implying that Plaintiff Baldwin is in bankruptcy.

2. To the limited extent set forth in paragraph 1 above, Plaintiffs' Motion for Preliminary Injunction (Doc. 2) is **GRANTED**. Otherwise, Plaintiffs' Motion is **DENIED**.

3. No bond is required.

**DONE AND ORDERED** in Orlando, Florida, this _17_ day of July, 2005.

John Antoon II
United States District Judge

Copies furnished to:
Counsel of Record